**No. 54803.**—B. Spiliadis & Co., Inc., and Vierhaus & Abecassis, Inc. *v.* United States, protests 149069–K and 156781–K (New York).

Opinion by JOHNSON, J.   At the trial it was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as not landed were not in fact landed.   In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon such portions of the merchandise as were reported by the inspector as not landed.   The protests were sustained to this extent.

**No. 54804.**—B. Mirsky & Son *v.* United States, protests 122579–K and 127242–K (San Francisco).

Opinion by JOHNSON, J.   It was stipulated that the merchandise is similar in all material respects, including the returns of weight, to the cigars involved in Abstract 54059.   It was therefore held that the invoice weights of the immediate wrappers and containers of the cigars should prevail and therefrom the net weight of the cigars in question should be determined.

BEFORE THE THIRD DIVISION, OCTOBER 31, 1950

**No. 54805.**—International Expediters, Inc., Agent for Wales Import Co., Inc. *v.* United States, petitions 6728–R and 6733–R (New York).

Opinion by CLINE, J.   At the trial counsel for the petitioner conceded that petition 6728–R was filed more than 60 days after the liquidation of entries 727697, 724893, 729055, 730278, 730907, 731070, 732399, 732796, and 702245. Government's motion to dismiss petition 6728–R as to said entries on the ground of untimeliness was therefore granted.   The testimony of petitioner's witnesses established that petitioner cooperated with customs officials on all details relating to the entries before the court; that in 1944 and 1945 it knew of no other prices in Mexico for these slippers in the usual wholesale quantities; that it did not know why the appraiser advanced the values on some of the entries and not on others; and that there was no intent to defraud the revenue.   Petition 6728 was dismissed as to the entries enumerated above.   As to the remaining entries in petition 6728–R and the entry in petition 6733–R, it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   The petitions were therefore granted as to these entries.